**COMMANDER PROPERTIES CORPORATION, Individually and on behalf of all others similarly situated, Plaintiff,**

v.

**BEECH AIRCRAFT CORPORATION, et al., Defendants.**

**Civ. A. No. 88–2202–O.**

United States District Court,
D. Kansas.

Aug. 6, 1990.

Edward P. Yankelunas, Linda H. Joseph and James R. Arnone, Jaeckle, Fleischmann & Mugel, Buffalo, N.Y., Stewart M. Stein, Buck, Bohm & Stein, Leawood, Kan., for plaintiff.

Robert Martin, Terry L. Malone and Paul B. Swartz, Martin, Pringle, Oliver, Wallace & Swartz, Wichita, Kan., Reed O. Gentry, Field, Gentry, Benjamin & Robertson, Kansas City, Mo., for defendants.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, Chief Judge.

This matter is before the court on defendants Beech Aircraft Corporation's ("Beech") and Raytheon Company Corporation's ("Raytheon") motion for reconsideration of the court's order of June 29, 1989. In that order, the court granted plaintiff's motion to strike defendants' sixth affirma-

tive defense and denied defendants' cross motion to dismiss. Having reviewed the motion for reconsideration, the court is now prepared to rule.

*Background*

This action arises out of a dispute between an aircraft manufacturer and purchaser over the "airworthiness" of a certain airplane wing design. Plaintiff Commander Properties Corporation ("Commander") owns a Beech-produced King Air Model 90 airplane. Plaintiff alleges that the wing design used by Beech on the King Air Model 90 and other aircraft models is defective. Plaintiff further alleges that several King Air airplanes have been involved in accidents or near-accidents as a result of the defective wing design.

Plaintiff filed this action on behalf of itself and, pursuant to Federal Rule of Civil Procedure 23(a), (b)(3), as the representative of a class consisting of all the owners of Beech aircraft that incorporate the allegedly defective wing design. Plaintiff's complaint alleges breach of implied and express warranties, fraudulent and negligent misrepresentations, and violations of the Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. §§ 1961 *et seq.*). Plaintiff primarily seeks compensatory damages to cover the costs of implementing proposed modifications to the wing design.

The court, in its order of June 29, 1989, granted plaintiff's motion to strike defendants' sixth affirmative defense and denied defendants' cross-motion to dismiss. Defendants' sixth affirmative defense, as set forth in their answer, stated:

> SIXTH: Plaintiff's allegations that King Air LJ–891 and other models of King Air airplanes are not "airworthy" are contrary to lawful certification by FAA and constitute an improper collateral attack on the airworthiness certification jurisdiction and procedures of FAA.

In striking this defense, the court acknowledged that Federal Aviation Administration ("FAA") certification was relevant to certain issues, but concluded that it was not a

defense to any of the allegations contained in plaintiff's complaint.

Defendants now ask the court to reconsider its previous ruling. In support of their request, defendants claim that the court erred in construing the plaintiff's claims as tort claims to which the defense of exclusive FAA jurisdiction may not be asserted.

*Discussion*

Upon review, the court remains unconvinced that defendants may assert a defense of exclusive FAA jurisdiction. However, the court does believe, as set forth more fully below, that the FAA has primary jurisdiction over several of the issues presented by the plaintiff in this lawsuit.

*Primary Jurisdiction of FAA*

 The doctrine of "primary jurisdiction" applies in situations where a claim, originally cognizable in the courts, requires the resolution of issues which, under a regulatory scheme, have been placed in the hands of an administrative body. *United States v. Western Pacific Railroad Co.,* 352 U.S. 59, 63–64, 77 S.Ct. 161, 164–65, 1 L.Ed.2d 126 (1956). In cases where the doctrine is found to apply, the judicial process is suspended pending referral of such issues to the administrative body for its views. *Id.*

To determine whether the doctrine applies in a given case, it is necessary to decide "whether the reasons for the existence of the doctrine are present and whether the purposes it serves will be aided by its application in the particular litigation." *Id.* at 64. The purposes for the doctrine are primarily the desire of uniformity in decisions regarding administrative questions and resolution of particular economic or technical issues by an agency having the particular expertise and specialized knowledge. *Nader v. Allegheny Airlines,* 426 U.S. 290, 305, 96 S.Ct. 1978, 1987, 48 L.Ed.2d 643 (1976).

 Turning to the case at hand, the court finds that the doctrine of primary jurisdiction applies to the claims asserted by Commander. At the heart of each of Commander's claims are two highly technical questions: (1) whether the Beech wing design is defective; and (2) whether the proposed wing modification will correct the defect and make the aircraft "airworthy". The determination of these questions, the court believes, are particularly appropriate for resolution by the FAA.[1] Moreover, the court finds that the interests of uniformity and consistency in the aviation field would be promoted by the FAA's resolution of these issues. Specifically, if the FAA determines that the wing is in fact defective, then it can take whatever actions it believes are necessary to promote the safety of all King Air owners. Further, if the FAA determines that the proposed modification is appropriate, it can issue an airworthiness directive encompassing the modification. Accordingly, the court finds that these issues are appropriate for initial determination by the FAA.

The court shall place the burden of pursuing administrative relief on the plaintiff. If plaintiff has failed to apply for administrative relief within thirty (30) days from the date of this order, this action will be dismissed without prejudice. After the initial application for administrative relief, plaintiff shall file a quarterly report informing the court of the status of the administrative proceedings.

IT IS THEREFORE ORDERED that defendants' motion for reconsideration is denied.

IT IS FURTHER ORDERED that this action is hereby stayed pending referral of specific issues to the Federal Aviation Administration.

---

1. Unlike the "typical" aircraft design defect case, the instant action does not arise out of a specific accident, injury or incident. Rather, the action arises out of Commander's belief that the King Air wing design is defective and not "airwor-thy". Moreover, Commander is seeking a broader scope of relief than the "typical" design defect plaintiff because it is in effect seeking court approval of a proposed wing modification.